IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| **IRA MOORE,** | : | |
| *Plaintiff,* | : | |
| v. | : | NO. 21-05302 |
| | : | |
| **JANE DOE, et al.,** | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**Kenney, J.**                                                                                                                    **March 23, 2022**

On December 2, 2021, Plaintiff Ira Moore submitted his complaint against the City of Philadelphia, Mark Gibson, Cheryl McKnight, Mercy Catholic Medical Center, and a number of unnamed police officers. ECF No. 1. On January 19, 2022, Defendants Ms. McKnight, Mr. Gibson, and Mercy Catholic Medical Center filed their First Motion to Dismiss for Failure to State a Claim. ECF No. 5. On February 3, 2022, the Court denied that Motion as moot due to representations made to the Court by the City of Philadelphia that Mr. Moore would soon be filing an Amended Complaint to address the deficiencies. ECF No. 16. On February 13, 2022, Plaintiff submitted his First Amended Complaint against the same Defendants. ECF No. 17. Plaintiff asserts X claims against Defendants Ms. McKnight, Mr. Gibson, and Mercy Catholic Medical Center: medical malpractice under state law (Count III); conspiracy under color of state law to violate Plaintiff's constitutional, civil, and other rights (Count V); intentional infliction of emotional distress (Count VI); and demand for judgment, damages, and punitive damages. ECF No. 17. The foundation of all these claims is that Defendants Ms. McKnight and Mr. Gibson failed to provide Plaintiff with adequate medical examination and care in the emergency room at Mercy Catholic Medical Center. *Id*.

1

On February 17, 2022, Defendants Ms. McKnight, Mr. Gibson, and Mercy Catholic Medical Center filed their Second Motion to Dismiss for Failure to State a Claim. ECF No. 19. These Defendants move to dismiss the claims against them for punitive damages, conspiracy, and intentional infliction of emotional distress. *Id.*

## I. BACKGROUND

Relevant to the claims in this Motion to Dismiss, Plaintiff pled the following factual allegations. Plaintiff Mr. Moore claims he was transported to Defendant Mercy Catholic Medical Center's emergency room where he was examined by Ms. McKnight and Mr. Gibson. ECF No. 17 ¶ 25. Ms. McKnight and Mr. Gibson examined Mr. Moore as he complained of hearing loss and pain and suffering. *Id.* ¶ 26. During the examination, Mr. Moore claims that certain police officers interfered and told the medical providers that Mr. Moore was faking an injury. *Id.* After the police officers' interference, Ms. McKnight and Mr. Gibson ended their medical examination. *Id.* ¶ 29. Mr. Moore believes that Ms. McKnight and Mr. Gibson failed to listen to him and perform a proper examination because they failed to discover Plaintiff had suffered a ruptured left ear drum. *Id.* ¶ 30. Plaintiff claims that, a few days later, he received a medical examination at the Philadelphia Prison System and was diagnosed by medical staff with a ruptured left ear drum and hearing loss. *Id.*

## II. STANDARD OF REVIEW

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, "[a] pleading that offers 'labels and conclusions' ... will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

### III.   DISCUSSION

For the claims of punitive damages, conspiracy, and intentional infliction of emotional distress, Plaintiff has failed to state claims upon which relief can be granted pursuant to Rule 12(b)(6). F.R.C.P. 12(b)(6). The Court accepted all factual allegations made by Plaintiff in the Amended Complaint as true and construed such allegations in the light most favorable to the Plaintiff to determine if Plaintiff may be entitled to relief. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The Court finds that Plaintiff has not shown a plausible claim for relief for these claims against the privately employed healthcare provider Defendants. *Id*. at 234-35.

#### A.   Punitive Damages

None of the factual allegations pled by Plaintiff, and taken at this stage as true, rise to the level of awarding punitive damages.[1] Plaintiff uses the language "intentional, malicious, reckless, and callously indifferent" to describe Defendants conduct but does not allege any facts to support that description. *Id.* ¶ 67. Plaintiff only plausibly pleads facts showing misconduct

---

[1] Pennsylvania law governs this claim.

from negligence or mistake, which is insufficient to claim punitive damages. *See McDaniel v. Merck, Sharpe & Dohme*, 367 Pa. Super. 600, 623 (1987); *Hall v. Jackson*, 788 A.2d 390 (Pa. Super. 2001). For medical malpractice claims, Plaintiff must show the medical care provider acted in an "egregious" manner with a "conscious or reckless disregard" for that patient. *Zazzera v. Roche*, 54 Pa. D. & C. 4th 225, 232 (Lackawanna Cty. Dec. 10, 2001). In addition, claims against private medical providers are subject to the Medical Care and Reduction of Error Act ("MCARE"), which does not provide punitive damages for a showing of gross negligence. 40 P.S. § 1303.505.[2]

    B. Conspiracy

As to Plaintiff's claim of conspiracy (Count V), one of the elements of a conspiracy claim under 42 U.S.C.S. § 1983 is that the persons were acting under color of state law at the time plaintiff was deprived of his constitutional rights. *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001). Here, Plaintiff has made no showing that Ms. McKnight or Mr. Gibson were acting under the color of state law at the time of the examination. There are three ways in which private citizens may be found to have acted as an agent of the state, none of which apply here.[3] Both are privately employed medical care providers. Both were acting in accordance with their private employment, not exercising powers of the state. Both were performing a medical examination that was allegedly interrupted by police officers and

---

[2] MCARE states that "[p]unitive damages may be awarded for conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the health care provider's act, the nature and extent of the harm to the patient that the health care provider caused or intended to cause and the wealth of the health care provider." 40 P.S. § 1303.505(a).

[3] First. "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state[.]" Second, "whether the private party has acted with the help of or in concert with state officials[.]" Third, whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." ECF No. 19 at 27-28 (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)).

such interference does not evidence that they were acting in concert with those officers. Therefore, there can be no claim of conspiracy under § 1983 based on the facts alleged by Plaintiff.

Plaintiff also makes a claim of conspiracy under 42 U.S.C.S. § 1985, which requires a "clear showing of invidious, purposeful and intentional discrimination" as a member of an identifiable class. *Robinson v. McCorkle*, 462 F.2d 111 (3d Cir. 1972). Plaintiff has failed to identify any factual allegations of discrimination as a member of an identifiable class as to the Defendants Ms. McKnight, Mr. Gibson, and Mercy Catholic Medical Center. Because the claim under § 1985 fails to pass the plausibility standard, there can be no claim under 42. U.S.C.S. § 1986 because it relies on a preexisting violation of § 1985.

      C. <u>Intentional Infliction of Emotional Damages</u>

Finally, Plaintiff's factual allegations do not create a plausible claim of relief for intentional infliction of emotional distress (Count VI). The elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another. *Manley v. Fitzgerald*, 997 A.2d 1235 (Pa. Commw. Ct. 2010). "While Pennsylvania courts recognize a cause of action for intentional infliction of emotional distress, they allow recovery only in very egregious cases." *Reem Haddad v. Tirun A. Gopal*, 2001 WL 35928055 (Pa. Com. Pl. Feb. 13, 2001); *see also McLaughlin v. Rose Tree Media School Dist.*, 52 F. Supp.2d 484, 494 (E.D. Pa. 1999) (stating the conduct "must be so outrageous in character, and so extreme in degree. as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."). There is nothing in the Amended Complaint that shows extreme or outrageous conduct by Ms. McKnight or Mr. Gibson. There is nothing in the Amended Complaint that

shows Ms. McKnight or Mr. Gibson acted intentionally or recklessly to cause Mr. Moore severe emotional distress. Further, there is insufficient pleading to show Mr. Moore did in fact suffer from severe emotional distress following his interrupted medical examination, especially since his ruptured ear drum was allegedly diagnosed and treated only a few days later.

IV. **CONCLUSION**

Therefore, the Motion to Dismiss (ECF No. 19) is granted and the claims against Cheryl McKnight, CRNP, Mark Gibson, RN, and Mercy Catholic Medical Center for punitive damages, conspiracy, and intentional infliction of emotional distress are dismissed with prejudice.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**