**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IRA MOORE | : | |
| | : | Civil Action No. 21-cv-05302 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MERCY CATHOLIC MEDICAL | : | |
| CENTER, et al. | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants Cheryl McKnight, CRNP, Mark Gibson, RN and Mercy Catholic Medical Center's Motion for Sanctions, and any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**. Plaintiff is hereby **SANCTIONED** for the failure to comply with the Court's Order of October 17, 2022, compelling Plaintiff's deposition. It is hereby **FURTHER ORDERED** that Plaintiff's claims against Defendants Cheryl McKnight, CRNP, Mark Gibson, RN and Mercy Catholic Medical Center are dismissed in accordance with F.R.C.P. 37(b)(2)(A)(v).

BY THE COURT:

_____
CHAD F. KENNEY
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IRA MOORE                                  :
                                           :      Civil Action No. 21-cv-05302
                    Plaintiff,             :
                                           :
        v.                                 :
                                           :
MERCY CATHOLIC MEDICAL                     :
CENTER, et al.                             :
                                           :
                    Defendants.            :


**DEFENDANTS CHERYL MCKNIGHT, CRNP, MARK GIBSON, RN AND MERCY
CATHOLIC MEDICAL CENTER'S MOTION FOR SANCTIONS**


        Defendants Cheryl McKnight, CRNP, Mark Gibson, RN and Mercy Catholic Medical

Center ("Moving Defendants"), by and through their undersigned attorneys, hereby move this

Honorable Court for Sanctions against Plaintiff for his failure to comply with the Court's Order

of October 17, 2022, compelling Plaintiff's deposition. In support thereof, Moving Defendants

assert as follows:

        1.      Plaintiff initiated this mixed civil rights and medical negligence suit on December

2, 2021, by filing a Complaint. A First Amended Complaint was filed on September 17, 2022. A

true and correct copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit "A."

        2.      Plaintiff's First Amended Complaint involves two distinct theories of liability. As

to Defendants Cheryl McKnight, CRNP, Mark Gibson, RN and Mercy Catholic Medical Center,

Plaintiff alleges he was improperly and/or not treated for a ruptured eardrum.

        3.      Counsel for Moving Defendants sought to depose Plaintiff. Accordingly,

Defendants reached out to Plaintiff's counsel for possible deposition dates.

        4.      On or about September 21, 2022, Counsel for Moving Defendants emailed

Counsel for Plaintiff requesting dates for Plaintiff's deposition for October 2022.

5.      After getting no response from Plaintiff's Counsel, on or about September 28, 2022, Moving Defendants sent a follow-up letter to Plaintiff's Counsel inquiring as to possible deposition dates for Plaintiff toward the end of October 2022.

6.      After receiving no response, on October 5, 2022, Counsel for Moving Defendants sent Counsel for Plaintiff an email requesting dates for Plaintiff's deposition.

7.      After failing to receive a response, on October 6, 2022, Counsel for Moving Defendants sent a follow-up email to Counsel for Plaintiff in reference to dates for Plaintiff's deposition.

8.      After receiving no answer, Defendants filed a Motion to Compel Plaintiff's Deposition.

9.      On October 17, 2022, this Court issued an Order compelling Plaintiff to appear for deposition by November 16, 2022. A true and correct copy of that Order is attached hereto as Exhibit "B."

10.     Following the Court's Order of October 17, 2022, for the first time Plaintiff's counsel identified that Plaintiff would be unable to be deposed due to the fact he is incarcerated for what appears to be charges of murder, among many other things. This is despite the fact that Plaintiff's counsel in this case also represents Plaintiff in the criminal matters and knew those criminal matters were filed back in August of 2022.

11.     Defendants reached out to Plaintiff's attorney seeking the deposition and asking the Plaintiff to appear for deposition via video conferencing or live at the prison. Defendants also asked if Plaintiff could receive a writ of habeas corpus in order to appear for deposition. See Exhibit "C."

12. The Court Ordered deadline for Plaintiff to appear for deposition has now passed, Plaintiff has not been deposed, and no dates for his deposition have been offered.

13. The Court may order sanctions if a party fails to attend its own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).

14. If a plaintiff fails to comply with a court order, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b); see also Fed. R. Civ. P. 37(b)(2)(A) (stating sanctions for failure to obey a discovery order include, *inter alia*, dismissal of the action).

15. When deciding whether dismissal is an appropriate sanction, the Court must balance the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). These factors are:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Id. at 868 (emphasis omitted).

18. There is no "magic formula" or "mechanical calculation" for balancing the Poulis factors. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).

19. "No single Poulis factor is dispositive," Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003), and not all of the Poulis factors need to be satisfied to dismiss a complaint. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

20. Deciding whether to dismiss the action requires a balancing of the factors articulated in Poulis. Huertas v. City of Philadelphia, 2005 U.S. Dist. LEXIS 1282, 2005 WL

226149 *2 (E.D. Pa. 2005).

21.     Here, these factors all point to dismissal of Plaintiff's claims against Moving Defendants.

22.     Plaintiff is personally responsible for his own failure to appear for his deposition and for the resulting delay in the litigation. Not only is he the cause of the failure to appear for deposition by committing murder, but Plaintiff has also taken no action to facilitate the deposition from prison.

23.     Defendants have suffered prejudice due to Plaintiff's failure to appear for deposition.  Defendants incurred costs in attempting to enforce Plaintiff's compliance in appearing for deposition. They have further been unable to develop and implement their trial strategy due to Plaintiff's failure.

24.     Plaintiff has shown a history of dilatoriness. This is shown by the violation of the Court's Order of October 17, 2022, as well as his failure to apprise the Defendants for several months about his current legal situation, delaying the deposition even further.

25.     As to Plaintiff's conduct being willful or in bad faith, Defendants submit that the failure of the Plaintiff to identify that he would have difficulty appearing for deposition for several months and the failure to take any affirmative steps to facilitate the deposition from prison shows bad faith.

26.     At this point, there are no alternative sanctions. Plaintiff has not indicated when or how he could be deposed, if it all, at this point. As such, there is no way at this time to create a sanction that will allow the Defendants to depose the Plaintiff in a timely manner.

27.     Finally, it is asserted that the Plaintiff's claims are not meritorious. While it is nearly impossible to determine the validly of Plaintiff's claims without his deposition, the

medical records produced so far show that Plaintiff's claims are baseless. Rather, these records

show Plaintiff had an infection[1] that was treated by several hospitals which caused his alleged

injuries, not trauma as Plaintiff alleges.

28.     As such, this Court must sanction Plaintiff for the failure to comply with the

Order of October 17, 2022, and dismiss Plaintiff's claims against Moving Defendants.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court enter

the proposed Order sanctioning Plaintiff.


Respectfully Submitted,

GEROLAMO, McNULTY, DIVIS & LEWBART

/s/ Daniel J. Divis, Esq.

BY:  /s/ Joseph L. Garbarino, III, Esq._____
DANIEL DIVIS
JOSEPH GARBARINO
Attorney for Defendants
Defendants Cheryl McKnight, CRNP, Mark
Gibson, RN, and Mercy Catholic Medical Center
121 S. Broad Street, Suite 1400
Philadelphia, PA 19107
(215) 790-8400

---

[1] Recently received records also show that the Plaintiff was severely injured after receiving multiple gunshot wounds this year. Defendants are investigating if these debilitating injuries were the cause of any alleged ear damage.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IRA MOORE | : | |
| | : | Civil Action No. 21-cv-05302 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MERCY CATHOLIC MEDICAL | : | |
| CENTER, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHERYL MCKNIGHT, CRNP, MARK GIBSON, RN AND MERCY CATHOLIC MEDICAL CENTER'S <u>MOTION FOR SANCTIONS</u>**

## I.    <u>MATTER BEFORE THE COURT</u>

Before the Court is Defendants Cheryl McKnight, CRNP, Mark Gibson, RN and Mercy Catholic Medical Center's Motion for Sanctions for Plaintiff's failure to comply with this Court's Order of October 17, 2022.

## II.    <u>QUESTION PRESENTED</u>

Should the Court grant Defendants' Motion for Sanctions and dismiss Plaintiff's claims for the failure to comply with the Court's Order of October 17, 2022?

SUGGESTED ANSWER: Yes.

## III.    <u>STATEMENT OF FACTS</u>

Plaintiff initiated this mixed civil rights and medical negligence suit on December 2, 2021, by filing a Complaint. A First Amended Complaint was filed on September 17, 2022. A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit "A." Plaintiff's First Amended Complaint involves two distinct theories of liability. As to Defendants

Cheryl McKnight, CRNP, Mark Gibson, RN and Mercy Catholic Medical Center, Plaintiff alleges he was improperly and/or not treated for a ruptured eardrum.

Counsel for Moving Defendants sought to depose Plaintiff. Accordingly, Defendants reached out to Plaintiff's counsel for possible deposition dates. On or about September 21, 2022, Counsel for Moving Defendants emailed Counsel for Plaintiff requesting dates for Plaintiff's deposition for October 2022.  After getting no response from Plaintiff's Counsel, on or about September 28, 2022, Moving Defendants sent a follow-up letter to Plaintiff's Counsel inquiring as to possible deposition dates for Plaintiff toward the end of October 2022. After receiving no response, on October 5, 2022, Counsel for Moving Defendants sent Counsel for Plaintiff an email requesting dates for Plaintiff's deposition. After failing to receive a response, on October 6, 2022, Counsel for Moving Defendants sent a follow-up email to Counsel for Plaintiff in reference to dates for Plaintiff's deposition.

After receiving no answer, Defendants filed a Motion to Compel Plaintiff's Deposition. On October 17, 2022, this Court issued an Order compelling Plaintiff to appear for deposition by November 16, 2022. A true and correct copy of that Order is attached hereto as Exhibit "B."

Following the Court's Order of October 17, 2022, for the first time Plaintiff's counsel identified that Plaintiff would be unable to be deposed due to the fact he is incarcerated for what appears to be charges of murder, among many other things. This is despite the fact that Plaintiff's counsel in this case also represents Plaintiff in the criminal matters and knew those criminal matters were filed back in August of 2022. Defendants reached out to Plaintiff's attorney seeking the deposition and asking the Plaintiff to appear for deposition via video conferencing or live at the prison. Defendants also asked if Plaintiff could receive a writ of habeas corpus in order to appear for deposition. See Exhibit "C."

The Court Ordered deadline for Plaintiff to appear for deposition has now passed,

Plaintiff has not been deposed, and no dates for his deposition have been offered.

## IV.   <u>ARGUMENT</u>

The Court may order sanctions if a party fails to attend its own deposition. Fed. R. Civ. P.

37(d)(1)(A)(i). If a plaintiff fails to comply with a court order, a defendant may move to dismiss

the action. Fed. R. Civ. P. 41(b); <u>see also</u> Fed. R. Civ. P. 37(b)(2)(A) (stating sanctions for

failure to obey a discovery order include, *inter alia*, dismissal of the action). When deciding

whether dismissal is an appropriate sanction, the Court must balance the six factors set forth in

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984). These factors are:

> (1) [T]he extent of the party's personal responsibility; (2) the
> prejudice to the adversary caused by the failure to meet scheduling
> orders and respond to discovery; (3) a history of dilatoriness; (4)
> whether the conduct of the party or the attorney was willful or in
> bad faith; (5) the effectiveness of the sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim.

<u>Id</u>. at 868 (emphasis omitted). There is no "magic formula" or "mechanical calculation" for

balancing the <u>Poulis</u> factors. <u>Briscoe v. Klaus</u>, 538 F.3d 252, 263 (3d Cir. 2008).

"No single <u>Poulis</u> factor is dispositive," <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222

(3d Cir. 2003), and not all of the <u>Poulis</u> factors need to be satisfied to dismiss a complaint. <u>See</u>

<u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002); <u>Mindek v. Rigatti</u>, 964 F.2d 1369,

1373 (3d Cir. 1992). Deciding whether to dismiss the action requires a balancing of the factors

articulated in <u>Poulis</u>. <u>Huertas v. City of Philadelphia</u>, 2005 U.S. Dist. LEXIS 1282, 2005 WL

226149 *2 (E.D. Pa. 2005).

Here, these factors all point to dismissal of Plaintiff's claims against Moving Defendants.

Plaintiff is personally responsible for his own failure to appear for his deposition and for the

resulting delay in the litigation. Not only is he the cause of the failure to appear for deposition by committing murder, but Plaintiff has also taken no action to facilitate the deposition from prison.

Defendants have suffered prejudice due to Plaintiff's failure to appear for deposition. Defendants incurred costs in attempting to enforce Plaintiff's compliance in appearing for deposition. They have further been unable to develop and implement their trial strategy due to Plaintiff's failure.

Plaintiff has shown a history of dilatoriness. This is shown by the violation of the Court's Order of October 17, 2022, as well as his failure to apprise the Defendants for several months about his current legal situation, delaying the deposition even further.

As to Plaintiff's conduct being willful or in bad faith, Defendants submit that the failure of the Plaintiff to identify that he would have difficulty appearing for deposition for several months and the failure to take any affirmative steps to facilitate the deposition from prison shows bad faith.

At this point, there are no alternative sanctions. Plaintiff has not indicated when or how he could be deposed, if it all, at this point. As such, there is no way at this time to create a sanction that will allow the Defendants to depose the Plaintiff in a timely manner.

Finally, it is asserted that the Plaintiff's claims are not meritorious. While it is nearly impossible to determine the validly of Plaintiff's claims without his deposition, the medical records produced so far show that Plaintiff's claims are baseless. Rather, these records show Plaintiff had an infection[2] that was treated by several hospitals which caused his alleged injuries, not trauma as Plaintiff alleges. As such, this Court must sanction Plaintiff for the failure to

---

[2] Recently received records also show that the Plaintiff was severely injured after receiving multiple gunshot wounds this year. Defendants are investigating if these debilitating injuries were the cause of any alleged ear damage.

comply with the Order of October 17, 2022, and dismiss Plaintiff's claims against Moving Defendants.

**V.**     <u>**RELIEF**</u>

In light of the above, Moving Defendants respectfully requests that this Honorable Court enter the attached proposed Order sanctioning Plaintiff.

Respectfully Submitted,

GEROLAMO, McNULTY, DIVIS & LEWBART

/s/ Daniel J. Divis, Esq.

BY:    /s/ Joseph L. Garbarino, III, Esq.

DANIEL DIVIS
JOSEPH GARBARINO
Attorney for Defendants
Defendants Cheryl McKnight, CRNP, Mark
Gibson, RN, and Mercy Catholic Medical Center
121 S. Broad Street, Suite 1400
Philadelphia, PA 19107
(215) 790-8400

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph L. Garbarino, III, Esquire, hereby certify that on November 22, 2022, a true and correct copy of the foregoing was made available via the Court ECF System to all parties of record.

GEROLAMO, McNULTY, DIVIS & LEWBART

/s/ Daniel J. Divis, Esq.
BY:  /s/ Joseph L. Garbarino, III, Esq.
DANIEL DIVIS
JOSEPH GARBARINO
Attorney for Defendants
Defendants Cheryl McKnight, CRNP, Mark
Gibson, RN, and Mercy Catholic Medical Center
121 S. Broad Street, Suite 1400
Philadelphia, PA 19107
(215) 790-8400

Exhibit "A"

QAR
BY:  Qawi Abdul-Rahman, Esquire                          Attorney For Ira Moore
IDENTIFICATION NO.:  90454
100 South Broad Street, Suite 910
Philadelphia, PA  19110
Phone:  (215) 972-7017
Fax:     (215) 972-7087
justusseeker@gmail.com
_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IRA MOORE                                        )
5922 Spring Street                               )
Philadelphia, PA 19139                           )
               Plaintiff,        )
                                                 )
                                                 )
v.                                               )  Docket No. 21-CV-05302-CFK
                                                 )
                                                 )
LAUREN BIELSKI, Badge # 1656                     )
City of Philadelphia Police Department           )
18th Police District                             )
5510 Pine Street                                 )
Philadelphia, PA 19143;                          )
                                                 )
TIMOTY GIBSON, Badge # 917                       )
City of Philadelphia Police Department           )
18th Police District                             )
5510 Pine Street                                 )
Philadelphia, PA 19143;                          )
                                                 )
STEVEN FARKEY, Badge # 848                       )
City of Philadelphia Police Department           )
18th Police District                             )
5510 Pine Street                                 )
Philadelphia, PA 19143;                          )
                                                 )
CITY OF PHILADELPHIA                             )
c/o City of Philadelphia Law Department          )
1515 Arch Street, 14th Floor                     )
Philadelphia, PA 19106                           )

CHERYL MCKNIGHT, CRNP                    )
MERCY CATHOLIC MEDICAL CENTER            )
501 South 54th Street                    )
Philadelphia, PA 19143                   )
                                         )
MARK GIBSON, RN                          )
MERCY CATHOLIC MEDICAL CENTER            )
501 South 54th Street                    )
Philadelphia, PA 19143                   )
                                         )
MERCY CATHOLIC MEDICAL CENTER            )
501 South 54th Street                    )
Philadelphia, PA 19143                   )
             Defendants.                 )

## FIRST AMENDED CIVIL ACTION COMPLAINT

This is a civil rights action brought under 42 U.S.C. § 1983 by Plaintiff, Ira Moore, seeking

declaratory and injunctive relief, damages and punitive damages against the named Defendants for

violations of his rights guaranteed under the laws of the United States and for personal and other

injuries in violation of laws of the Commonwealth of Pennsylvania.

### I.  JURISDICTION

1.  This action is brought pursuant to Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§
    1983, 1985, 1986 and 1988; the Fourth, Eighth and Fourteenth Amendments to the United
    States Constitution, other constitutional provisions, federal statutes and state laws; and pur-
    suant to 28 U.S.C. §§ 1331 and 1343(3) *et seq.*

2.  Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction,
    as codified at 28 U.S.C. § 1367.

3.  The amount in controversy exclusive of interest and costs exceeds the jurisdictional amount,
    not including attorney's fees, costs, expenses and interest.

## II. VENUE

4. All the claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional boundaries.  Venue is accordingly invoked pursuant to 28 U.S.C. § 1391(b) and (c).

## III.  PARTIES

5. Plaintiff, Ira Moore ("Mr. Moore" or "Plaintiff") is an adult African-American male residing in Philadelphia, Pennsylvania.  At all times relevant to this lawsuit, Mr. Moore was acting in a lawful manner.

6. Defendant, City of Philadelphia Police Officer, Lauren Bielski, Badge # 1656 ("Defendant Bielski") is a Caucasian female.  Defendant Bielski is being sued in her individual and official capacities.  At all times relevant hereto Defendant Bielski was acting under the color of state law as a City of Philadelphia Police Officer.

7. Defendant, City of Philadelphia Police Officer Timothy Gibson, Badge # 917 ("Defendant Gibson") Gibson is being sued in his individual and official capacities.  At all times relevant hereto Defendant Gibson was acting under the color of state law as a City of Philadelphia Police Officer.

8. Defendant, City of Philadelphia Police Officer, Steven, Badge # 848 ("Defendant Farley") is a Caucasian male. Defendant Farley is Farley being sued in his individual and official capacities.  At all times relevant hereto Defendant Farley was acting under the color of state law as a City of Philadelphia Police Officer.

9. Defendant, City and County of Philadelphia Pennsylvania ("Defendant Philadelphia" or "Defendant City") is a municipality organized by and through the Commonwealth of

Pennsylvania. At all times relevant hereto, Defendant was the employer of Defendants Bielski, Gibson and Farley.

10. Defendant, Cheryl McKnight, CRNP ("Defendant McKnight ") is a Caucasian female. At all times relevant hereto Defendant McKnight was working as a medical professional in the Emergency Room at Defendant Mercy.

11. Defendant, Mark Gibson, RN ("Defendant Gibson") is a Caucasian male. At all times relevant hereto Defendant Gibson was working as a medical professional in the Emergency Room at Defendant Mercy Catholic Medical Center.

12. Defendant, Mercy Catholic Medical Center ("Defendant Mercy") is an entity in the business of providing medical services. At all times relevant hereto Defendant Mercy employed Defendants McKnight and Gibson.

## IV. STATEMENT OF FACTS

13. Plaintiff hereby incorporates by reference, Paragraphs 1 through 12, as though they are fully set forth herein.

14. On December 2, 2019, Mr. Moore was arrested by Defendants Bielski and John Does Numbers 1 and 2 after a female relative called the police falsely complaining that he was engaging in criminal behavior.

15. While handcuffed and walking into the 18th District Station, Defendant Bielski sucker punched Mr. Moore in the left ear with a blunt object for no reason and without any legal justification.

16. Defendant Bielski sucker punched Mr. Moore with a great amount of force causing him momentarily black out and rupturing his left ear drum.

17. Plaintiff can identity Bielski by sight or photograph or by viewing the video of his assault; after he retained counsel, a demand was sent to the City to preserve all the documentary, photographic and video evidence.

18. Prior to that day, Mr. Moore's ear drum was uninjured and he had perfect hearing based upon a recent hearing test given by his employer prior to December 2, 2019.

19. Defendant Police Officers Gibson and Farley observed Defendant Bielski strike Mr. Moore and simply laughed.

20. Other members of the 18th District, including but not limited to supervisory police officers observed Defendant Bielski strike Mr. Moore.

21. Yet none of the supervisory police officers came to Mr. Moore's assistance or intervened to stop the assault.

22. All entrances and exits to the 18th District Station are monitored by video and surveillance cameras, and upon reasonable belief, Plaintiff avers the attack was videotaped.

23. There is a well-known and well-documented systemic custom, policy and practice within the City of Philadelphia Police Department of supervisory police officers failing to assist, or to intervene and/or to stop the unlawful and unjustified assault of African-American men by white police officers that City's elected officials, decision and policy makers are well-aware of and for years have failed to remedy out of self-interest: the fear of being opposed by a Republican white male dominated police union that has no real impact on Democratically elected local officials. But racial politics are about perception, not reality.

24. There is a well-known and well-documented systemic custom policy and practice by Defendant City's elected officials, decision and policy makers to meaningfully discipline white

police officers who assault of African-American men which actually encourages the unlawful and unjustified assault of African-American men by white police officers.

25. After he was struck, Mr. Moore complained of a great amount of pain and suffering and was transported to Defendant Mercy's Emergency Room where he was examined by Defendant nurses McKnight and Gibson.

26. While Mr. Moore was examined by examined by Defendants McKnight and Gibson, he complained of a loss of hearing, a great amount of pain and suffering and attempted to explain how he was injured, but Defendant Police Officers Gibson and Farley interfered and told Defendant nurses McKnight and Gibson that there nothing was wrong with Mr. Moore and that he was faking an injury.

27. Defendant Police Officers Gibson and Farley are not doctors or nurses.

28. During the time that Mr. Moore was in the custody of Defendants Gibson and Farley he had a constitutional right to prompt and adequate medical treatment.

29. Upon hearing from Defendant Police Officers Gibson and Farley say that there was nothing wrong with Mr. Moore, Defendant nurses McKnight and Gibson ended their medical examination of Mr. Moore.

30. Upon reasonable belief and information, Mr. Moore avers that had Defendant nurses McKnight and Gibson listened to him and properly examined him in accord with the standard of care of medical professionals they would discovered he was suffering from a ruptured left ear drum and suffering from a loss of hearing, great pain and suffering because shortly after Mr. Moore left Defendant Mercy, has was transported to the Philadelphia Prison System, where a few days later he underwent a thorough medical examination and the medical staff told him he had a ruptured left ear drum and suffering from a loss of hearing.

31. According to the Mayo Clinic any competent medical "[A]ny provider" can diagnose a rup-
tured eardrum because it can seen "with a visual inspection using a lighted instrument…"
https://www.mayoclinic.org.

### V. CLAIMS FOR RELIEF
### COUNT I
### VIOLATION OF 42 U.S.C. § 1983
### DEFENDANT POLICE OFFICER BIELSKI

32. Plaintiff hereby incorporates by reference, Paragraphs 1 through 31, as though they are fully
set forth herein.

33. Defendant Bielski used excessive force thereby violating Mr. Moore's rights under the laws
of the Constitution of the United States, in particular, the Fourth and Fourteenth Amend-
ments, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.

34. Without any justification or provocation, Defendant Bielski willfully and maliciously caused
Mr. Moore to suffer injuries which have caused Mr. Moore extreme physical and emotional
pain in the form of a ruptured left ear drum.

35. The acts committed by Defendant Bielski constitutes intentional misconduct, excessive use
of force and deliberate indifference to Mr. Moore which caused the previously described
injuries to Mr. Moore, in violation of his constitutional rights as previously stated.

36. Further, the acts constitute an excessive use of force all in violation of the Fourth and Four-
teenth Amendments to the Constitution and 42 U.S.C. § 1983.

37. As a result of Defendant's knowingly, intentionally, willfully, maliciously, wantonly,
grossly negligent, recklessly and deliberately indifferent concerted conduct under the color
of state law pursuant to an unconstitutional, custom policy and practice, Mr. Moore suffered
and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of

reputation, scorn of the community, economic loss and loss of his constitutional and other state and federal rights.

WHEREFORE, Mr. Moore seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

**COUNT II**
**VIOLATIONS OF 42 U.S.C. § 1983**
**FAILURE TO TRAIN/SUPERVISE**
**DEFENDANT PHILADELPHIA**

38. Plaintiff hereby incorporates by reference, Paragraphs 1 through 37, as though they are fully set forth herein.

39. Defendant Philadelphia and its policy-makers failed to properly train and supervise Defendants Bielski, Gibson and Farley.

40. As such, said Defendant was grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

41. Defendant's failures were the moving force behind the actions of Defendants Bielski, Gibson and Farley resulting in the injuries of Mr. Moore aforesaid.

42. The acts constitute a violation of the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

43. As a result of Defendant's knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom policy and practice, Plaintiff suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of

reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

WHEREFORE, Mr. Moore seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

### COUNT III
### STATE LAW CLAIM - MEDICAL MALPRACTICE
### DEFENDANTS MERCY, NURSES MCKNIGHT AND GIBSON

44. Plaintiff hereby incorporates by reference, Paragraphs 1 through 43, as though they are fully set forth herein.

45. Defendant Mercy and its employees Defendant nurses McKnight and Gibson, jointly and severally, had a duty to comply with accepted standards of care in their medical evaluations and treatment of Mr. Moore, but failed.

46. The intentional, malicious, reckless and callously indifferent conduct by Defendant nuses McKnight and Gibson consisted of the following:

   a. Failure to provide reasonable and correct medical care under the circumstances;

   b. Failure to listen to and act on Plaintiff's complaints rather than listen to the police officers who claimed that Plaintiff was faking his injuries;

   c. Failure to possess and exercise that degree of skill and care required by a physician, nurse or nurse practitioner and/or medical institution under the circumstances;

   d. Failure to properly supervise and control the agents, servants and employees of Defendant in providing for proper follow-up medical treatment to Plaintiff;

   e. Failure to have in place a proper follow-up system for the care and treatment of Plaintiff;

   f. Failure to properly sanction and/or discipline employees, agents, servants and contractors who were the subject of the complaints of incarcerated persons, thereby causing, tolerating, ratifying and encouraging employees, agents, servants and contractors to

provide prompt and adequate medical care to incarcerated persons such as Plaintiff with serious medical conditions;

g.  Negligence *per se* and as a matter of law; and

h.  Such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

47. As a direct and proximate cause of Defendants' joint and several, outrageous, unreasonable, negligent, gross negligent, knowing, intentional, willful, malicious, wanton, reckless and callously indifferent conduct, Mr. Moore has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss.

WHEREFORE, Mr. Moore seeks relief under state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

**COUNT IV**
**VIOLATION OF PLAINTIFF'S CONSTITUTIONAL, CIVIL RIGHTS**
**AND OTHER RIGHTS TO PROMPT AND ADEQUATE MEDICAL TREATMENT**
**DEFENDANT POLICE OFFICERS GIBSON AND FARLEY**

48. Plaintiff hereby incorporates by reference, Paragraphs 1 through 47, as though they are fully set forth herein.

49. During the time that Mr. Moore was in the custody of Defendant Police Officers Gibson and Farley, he was suffering from a serious medical condition in form of ruptured left ear drum that was caused Defendant Bielski.

50. During the time that Mr. Moore was in the custody of Defendant Police Officers Gibson and Farley, he had a constitutional right to prompt and adequate medical treatment to treat serious medical condition in form of ruptured left ear drum that was caused Defendant Bielski.

51. Defendant Police Officers Gibson and Farley violated Mr. Moore's constitutional right to prompt and adequate medical treatment to treat serious medical condition in form of ruptured left ear drum that was caused Defendant Bielski by telling Defendants McKnight and Gibson that Mr. Moore was faking his injuries.

52. Defendant Police Officers Gibson and Farley are not doctors or nurses.

53. The acts constitute an excessive use of force all in violation of the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

54. As a result of the Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom policy and practice, Mr. Moore suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other state and federal rights.

WHEREFORE, Mr. Moore seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

### COUNT V
### CONSPIRACY UNDER THE COLOR OF STATE LAW TO VIOLATE PLAINTIFFS' CONSTITUTIONAL, CIVIL RIGHTS AND OTHER RIGHTS
### ALL DEFENDANTS

55. Plaintiff hereby incorporates by reference, Paragraphs 1 through 54, as though they are fully set forth herein.

56. All Defendants expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law pursuant to an unconstitutional, custom policy and practice, knowingly,

intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and with deliberate indifference, in concert and conspiracy with each other and others in the furtherance of numerous unconstitutional customs, policies and practices to undertake the violations of Plaintiff's constitutional, civil and other federal rights described herein.

57. As a result of all Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom policy and practice, Plaintiff suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

WHEREFORE, Mr. Moore seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**ALL DEFENDANTS**

58. Plaintiff hereby incorporates by reference, Paragraphs 1 through 57, as though they are fully set forth herein.

59. All Defendants' conduct was done knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and with deliberate indifference to cause Mr. Moore extreme emotional distress.

60. Defendants' actions caused Mr. Moore to suffer unnecessary physical pain and suffering and emotional pain and suffering.

61. Defendants' conduct, in concert with each other, was done knowingly, intentionally, willfully, maliciously, wantonly, grossly negligently, and recklessly and was beyond the bounds of conduct tolerated in a civilized society.

62. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and deliberately indifferent concerted conduct, Mr. Moore has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, economic loss and loss of his constitutional and other state and federal rights.

WHEREFORE, Mr. Moore seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

### VII.  DEMAND FOR JUDGMENT, DAMAGES AND PUNITIVE DAMAGES

63. Plaintiff hereby incorporates by reference, Paragraphs 1 through 62, as though they are fully set forth herein.

64. On all Claims For Relief, Plaintiff demands permanent injunctive relief because: (a) there is a substantial likelihood of success on the merits; (b) there is a substantial threat that failure to grant the injunction will result in irreparable injury; (c) the threatened injury outweighs any damage that the injunction may cause the opposing party; and (d) the injunction will not disserve the public interest.

65. On all Claims For Relief, Plaintiff demands that this Court declare the actions of all Defendants complained of herein to be in violation Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Fourth, Eighth and Fourteenth Amendments to

the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

66. On all Claims For Relief, Plaintiff demands judgment in his favor against Defendants, jointly and severally, and damages in an amount not less than $150,000.00 on each claim for relief, and reasonable attorney's fees, costs, expenses and interest.

67. On all Claims For Relief, Plaintiff demands judgment in their favor against Defendants, jointly and severally, and punitive damages in an amount not less than $500,000.00 on all claims for relief, and reasonable attorney's fees, costs, expenses and interest because Defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, outrageous and unjustifiable.

68. Plaintiff demands other just relief as the Court may award.

## VIII.  DEMAND FOR JURY TRIAL

69. Plaintiff hereby incorporates by reference, Paragraphs 1 through 68, as though they are fully set forth herein.

70. On all facts and claims for relief asserted, Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment, damages on all facts, and claims for relief herein asserted, and upon judgment, reasonable attorney's fees, all costs, expenses and inter-est

Respectfully submitted,

*s/ Qawi Abdul-Rahman*
_____
Qawi Abdul-Rahman, Esquire, PA ID No. 90454
Attorney at Law
100 South Broad Street, Suite 910
Philadelphia, PA 19110
Attorney For Plaintiff
(215) 972-7017
(215) 972-7087 (Fax)
justusseeker@gmail.com

15

**CERTIFICATE OF SERVICE**

I, Qawi Abdul-Rahman, Esquire, on this 17th day of September 2022, hereby certify that attached Second Amended Complaint was filed in this Court and served on the Defendants by email.

Respectfully submitted,

*s/ Qawi Abdul-Rahman*

_____

QAR
BY:  Qawi Abdul-Rahman, Esquire
IDENTIFICATION NO.:  90454
100 South Broad Street, Suite 910
Philadelphia, PA  19110
Phone:  (215) 972-7017
Fax:      (215) 972-7087
Attorney For Plaintiff

# Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  | : | CIVIL ACTION |
| **IRA MOORE,** | : | |
| *Plaintiff,* | : | |
| v. | : | NO. 21-05302 |
|  | : | |
| **JANE DOE, et al.,** | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW**, this **17ᵗʰ** day of **October 2022**, upon consideration of

Defendants Cheryl McKnight, Mark Gibson, and Mercy Catholic Medical Center's

Motion to Compel Plaintiff's Deposition (ECF No. 50), it is hereby **ORDERED**

that the Motion is **GRANTED**. Plaintiff Ira Moore must appear for his deposition

at the office of counsel for Moving Defendants within **thirty (30) days of this**

**Order and no later than Wednesday, November 16, 2022**.

Counsel for Plaintiff and Moving Defendants must confirm that they have

read and understood this Order by emailing Chambers **by Wednesday, October**

**19, 2022**. Counsel for Plaintiff must also provide a copy of this Order to Plaintiff.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**

Exhibit "C"

# GEROLAMO, McNULTY, DIVIS & LEWBART

A PROFESSIONAL CORPORATION

**ATTORNEYS AT LAW**

The North American Building
Suite 1400
121 South Broad Street
Philadelphia, Pennsylvania 19107

_____

TELEPHONE (215) 790-8400
FAX (215) 790-8400
Email: jgarbarino@gmdlfirm.com

Frank A. Gerolamo, III
Kevin R. McNulty
Daniel J. Divis *
Daniel T. Lewbart *
Kelly J. Fox *
John A. Dougherty *
Joseph L. Garbarino, III *
Paul G. Kirk
Angelica N. Parrilla
Sheila Hannigan Williams *
Nicole P. Showers*

George R. Prutting – Of Counsel

* Also admitted in New Jersey

**New Jersey Office**
206 S. White Horse Pike – Suite 2
Haddon Heights, New Jersey 08035
TELEPHONE (856) 547-8404
FAX (856) 547-0174

November 1, 2022

Qawi Abdul-Rahman, Esquire
Via Email: (Justusseeker@gmail.com)

**Re:  Ira Moore vs. Cheryl McKnight, et al.**
**USDC – Docket No. 21-CV-05302-CFK**

Dear Mr. Abdul-Rahman,

I am writing to you in regard to the deposition of your client.  I know that you stated that you were having difficulty producing him for deposition as he is incarcerated.  However, we do have the Order requiring him to appear for deposition by November 16, 2022.  At this time, we intend to fully enforce that Order.  Accordingly, please provide us dates for his deposition.  We are willing to do the deposition via zoom or at the prison if needed.  Additionally, if you could get a writ of habeas corpus in order to allow him to appear for the deposition that would work as well.

Should you have any questions or concerns regarding this matter, please feel free to contact me directly at (267) 675-5412 or at jgarbarino@gmdlfirm.com.

Very truly yours,

GEROLAMO, McNULTY, DIVIS & LEWBART,

BY: */s/ Joseph L. Garbarino, III* _____

JLG/jg                     JOSEPH L. GARBARINO, III

# GEROLAMO, McNULTY, DIVIS, LEWBART & FOX

A PROFESSIONAL CORPORATION
**ATTORNEYS AT LAW**
The North American Building
Suite 1400
121 South Broad Street
Philadelphia, Pennsylvania 19107

_____

TELEPHONE (215) 790-8400
FAX (215) 790-8400
Email: jgarbarino@gmdlfirm.com

Frank A. Gerolamo, III
Kevin R. McNulty
Daniel J. Divis *
Daniel T. Lewbart *
Kelly J. Fox *
John A. Dougherty *
Joseph L. Garbarino, III *
Paul G. Kirk
Angelica N. Parrilla
Sheila Hannigan Williams *
Nicole P. Showers*

George R. Prutting – Of Counsel

* Also admitted in New Jersey

**New Jersey Office**
206 S. White Horse Pike – Suite 2
Haddon Heights, New Jersey 08035
TELEPHONE (856) 547-8404
FAX (856) 547-0174

November 15, 2022

Qawi Abdul-Rahman, Esquire
Via Email: (Justusseeker@gmail.com)

**Re:  Ira Moore vs. Cheryl McKnight, et al.**
**USDC – Docket No. 21-CV-05302-CFK**

Dear Mr. Adbul-Rahman,

I am writing again to you in regard to your client's deposition.  I have not heard anything about your client's deposition though the deadline is fast approaching.  Can you please let us know if you intend to produce your client for deposition prior to the November 16, 2022, deadline.  As always, I can be reached at (267) 675-5412 or at jgarbarino@gmdlfirm.com.

Very truly yours,

GEROLAMO, McNULTY, DIVIS, LEWBART & FOX

BY: *_/s/ Joseph L. Garbarino, III_____*
JLG/jg                          JOSEPH L. GARBARINO, III