**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
|  | : | **CIVIL ACTION** |
| **IRA MOORE,** | : |  |
| *Plaintiff,* | : |  |
| v. | : | **NO. 21-05302** |
|  | : |  |
| **JANE DOE,** *et al.*, | : |  |
| *Defendants.* | : |  |

**MEMORANDUM**

KENNEY, J.                                                    **January 5, 2023**

## I.    INTRODUCTION

Before the Court is Defendants Mark Gibson, Cheryl McKnight, and Mercy Catholic Medical Center's (altogether "Medical Defendants") Motion for Sanctions (ECF No. 62) for failure to comply with the Court's Order dated October 17, 2022 (ECF No. 52). For the reasons set forth below, the Court will grant sanctions deemed appropriate under the circumstances.

## II.    BACKGROUND

The Court will dispense with a thorough recitation of the substantive facts of this case as they are not relevant to this Motion. Briefly, Plaintiff Ira Moore brings claims of conspiracy and state law claims of medical malpractice against Medical Defendants stemming from an alleged assault by police officers on or about December 2, 2019. ECF No. 45.

As part of fact discovery, Medical Defendants attempted to schedule Plaintiff's deposition through Mr. Moore's counsel, Qawi Abdul-Rahman. Medical Defendants emailed Plaintiff's counsel inquiring about possible deposition dates on or about September 21, 2022, sent a follow up letter on or about September 28, 2022, sent another email on October 5, 2022,

and yet another email on October 6, 2022, none of which received a response from Plaintiff's counsel.

Following repeated, ignored inquiries to Plaintiff's counsel, Medical Defendants filed a motion to compel Plaintiff's deposition on October 14, 2022. ECF No. 50. The Court issued an Order compelling Plaintiff to appear for deposition within thirty days and no later than November 16, 2022. ECF No. 52. Suddenly, Plaintiff's counsel informed Medical Defendants that Mr. Moore is incarcerated and unavailable for deposition. ECF No. 62 at 8. Medical Defendants allege, however, that Plaintiff's counsel has been aware of his client's criminal charges since August 2022. *Id*. Plaintiff's counsel admits that he entered his appearance on the criminal docket on September 19, 2022 (before all four of Medical Defendants' inquiries regarding Plaintiff's deposition). ECF No. 65 at 2.

Medical Defendants subsequently reached out to Plaintiff's counsel requesting a deposition via video conference or in-person at the prison facility. *Id*. It is unclear if Plaintiff's counsel ever responded to that request. Yet Plaintiff has failed to appear for deposition (whether by video or at the prison) by the deadline the Court ordered, and Plaintiff's counsel has failed to engage in communication regarding Plaintiff's deposition.

## III.    STANDARD OF REVIEW

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. National Collegiate Athletic Association*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976)). Accordingly, the Court will grant the sanctions deemed appropriate if the Court finds that discovery violations have occurred.

"Sanctions for failing to appear at a properly noticed deposition are clearly provided for under the Federal Rules of Civil Procedure." *Haraway v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 213 F.R.D. 161, 165 (D. Del. 2003) (citing Fed. R. Civ. P. 37(d)). If a party fails to appear at a deposition after being properly noticed, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d).

Dismissal of the action is an available sanction. Fed. R. Civ. P. 37(b)(2)(A). The following factors determine whether dismissal is warranted for a party's failure to appear for deposition: "(1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "The Third Circuit has noted that 'the sanction of dismissal is disfavored absent the most egregious circumstances.'" *Thorpe v. Wilmington Hous. Auth.*, 262 F.R.D. 421, 423 (D. Del. 2009) (quoting *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003)).

## IV.   DISCUSSION

The Court finds that, while Plaintiff's counsel is, at best, negligent, and, at worst, acting in bad faith to delay resolution of this dispute, failure to present Plaintiff for deposition does not warrant dismissal of the case. It would be inapposite to the interests of fairness and justice to penalize Mr. Moore by dismissing his lawsuit in the face of his attorney's failure to properly

engage in discovery. First, Plaintiff's counsel is largely responsible for his client's failure to appear for deposition. Mr. Abdul-Rahman was aware of his client's incarceration and failed to inform Medical Defendants of that logistical challenge. Instead, Plaintiff's counsel repeatedly ignored communication from counsel for Defendants. Plaintiff's counsel also failed to address our Order compelling Plaintiff's deposition, belatedly using Plaintiff's incarceration as a bar to all access to his client.

Second, though Medical Defendants are prejudiced by yet another extension of time for discovery and lengthy delay in resolution of this dispute, it is not so egregious that the prejudice rises above the level of inconvenience and frustration. Much of the relevant documentation is either in Mercy Catholic Medical Center or the Bureau of Prison's possession and once Plaintiff's deposition is taken, there will likely be little additional discovery needed. Third, while Plaintiff's counsel has not been particularly proactive in prosecuting this action, Mr. Abdul-Rahman obtained and filed Plaintiff's Certificates of Merit, and has generally responded to motion practice or amended the operative complaint, when necessary. Mr. Abdul-Rahman did ignore Medical Defendants' counsel's repeated requests to schedule Plaintiff's deposition and the Order specifying a deadline for compliance. Yet outside the issue of Plaintiff's deposition, there is no history of dilatoriness. Fourth, at first glance, the Court will give Mr. Abdul-Rahman the benefit of the doubt that his failure to respond to repeated inquiries, comply with the Order, and cooperate with opposing counsel to schedule Plaintiff's deposition was due to negligence not bad faith. However, if such failure to engage in the prosecution of this action or comply with a court order occurs again, that conduct will be deemed willful or in bad faith. Fifth, the most effective sanctions at this stage of the litigation will be to set a strict deadline for Plaintiff's deposition and require that the attorney advising Plaintiff, Mr. Abdul-Rahman pay the reasonable

expenses, including attorney's fees, caused by the failure to produce his client for deposition. *See Haraway*, 213 F.R.D. at 165 ("The alternative of a strict compliance deadline and monetary sanctions have not yet been imposed on plaintiff."); *Moeck v. Pleasant Valley Sch. Dist.*, 2014 WL 4446679, at *4 (M.D. Pa. Sept. 10, 2014) ("The Court finds sanctions other than dismissal in this case to be effective and more appropriate."). Sixth, the Court cannot determine the meritoriousness of the claim or defense without more information.

"Sanctions are appropriate when a party, after being served with proper notice, fails to appear for a deposition." *Moeck*, 2014 WL 4446679, at *1. Plaintiff's current incarceration does create a challenge in the scheduling and taking of his deposition. However, if Plaintiff intends to pursue this civil claim, he must engage in the process of discovery to the best of his ability and Plaintiff's attorney must aid in that effort.

The Court has discretion to impose an award of costs and attorney's fees as a sanction for Plaintiff's discovery misconduct. *See Moeck*, 2014 WL 4446679, at *5. Under the present circumstances, the Court finds it appropriate to issue a strict compliance deadline for Plaintiff to appear either via video conference or in-person at the prison facility for his deposition and impose monetary sanctions on Plaintiff's counsel for failure to timely communicate his client's incarceration, failure to comply with our October 17, 2022 Order, and failure to present his client for deposition.[1]

## V.    CONCLUSION

For the aforementioned reasons, Plaintiff's counsel has thirty (30) days from the date of this Order to present Plaintiff for deposition, either via video conference or within the prison. By

---

[1] The amount of a monetary sanction should be specific to expenses incurred as a result of the misconduct. *See Martin v. Brown,* 63 F.3d 1252, 1263 n.15 (3d Cir.1995).

January 13, 2023 at Noon, counsel for Medical Defendants must supply the Court with information regarding their reasonable expenses, including attorney's fees, related to the violations contained herein. Plaintiff's counsel has five days to respond to Medical Defendants' calculation of expenses. Once the Court approves such reasonable expenses, Plaintiff's counsel must provide payment to counsel for Medical Defendants within fourteen days. The sanction is to be paid by counsel, not Plaintiff. Further failure by Plaintiff's counsel or Plaintiff to prosecute this action may result in dismissal with prejudice.[2] An appropriate order to follow.

BY THE COURT:

/s/ Chad F. Kenney

CHAD F. KENNEY, JUDGE

[2] "Even though dismissal of this action may finally be required, the Court will not take that step without first imposing on plaintiff stricter compliance deadlines." *Haraway*, 213 F.R.D. at 165.