**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | **CIVIL ACTION** |
| **IRA MOORE,** | : | |
| *Plaintiff,* | : | |
| v. | : | **NO. 21-05302** |
| | : | |
| **JANE DOE, et al.,** | : | |
| *Defendants.* | : | |

**<u>MEMORANDUM</u>**

Kenney, J.                                                      **February 3, 2023**

Defendants Philadelphia Police Officers Lauren Bielski, Timothy Gibson, and Steven Farley ("Moving Defendants") move to dismiss Plaintiff's Second Amended Complaint in its entirety as to all Moving Defendants because the Second Amended Complaint substituted the named Moving Defendants in place of the originally sued Doe Defendants outside the applicable two-year statute of limitations. ECF No. 59.

Before the Court is Moving Defendants' fully briefed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 59, 63, 66. For the reasons set forth below, Moving Defendants' Motion to Dismiss is granted and all claims against Moving Defendants are dismissed with prejudice because the two-year statute of limitations period expired prior to the addition of the Moving Defendants to the Second Amended Complaint. An appropriate Order will follow.

## I.   PROCEDURAL BACKGROUND

On December 2, 2021, exactly two years after the December 2, 2019 alleged incident that is the subject of this action, Plaintiff Ira Moore filed a Complaint against three police officers—a Jane Doe, a John Doe Number 1, and a John Doe Number 2 (herein, "Doe Defendants"). ECF

No. 1. The Complaint was also filed against the City of Philadelphia. *Id.* Deputy City Solicitor

Bailey Axe, Esq. ("Attorney Axe") entered her appearance for the City of Philadelphia on

January 27, 2022. ECF No. 13. She did not enter an appearance on behalf of any police officer.

Also sued, under a medical malpractice theory, were Mark Gibson, Cheryl McKnight,

and Mercy Catholic Medical Center ("Medical Malpractice Defendants").[1] ECF No. 1. On

February 13, 2022, two and one-half months after the first Complaint was filed, Plaintiff filed a

First Amended Complaint naming the same defendants, including the same Doe Defendants. The

City of Philadelphia, by Attorney Axe, did not file an Answer and instead filed a Motion to

Dismiss on behalf of the City of Philadelphia only. ECF No. 21. During this two-and-a-half-

month period, there is no record indication that Plaintiff's counsel took any steps to identify any

of the Doe Defendants.

On March 23, 2022, after full briefing, the Court dismissed the claims for punitive

damages, conspiracy, and intentional infliction of emotional distress with prejudice against

Medical Malpractice Defendants Cheryl McKnight, Mark Gibson, and Mercy Catholic Medical

Center. ECF No. 27. On May 2, 2022, again after full briefing, the Court dismissed all claims

against Defendant City of Philadelphia, in addition to the remaining claims of conspiracy and

intentional infliction of emotional distress against all defendants. ECF No. 32. Notably, the

City's Motion to Dismiss briefing exclusively addressed the failure to adequately plead a *Monell*

claim. *See* ECF Nos. 21, 29. The City argued that Plaintiff's First Amended Complaint contained

only conclusory statements parroting the law on *Monell* claim requirements. As such, there was

---

[1] There remains a state law medical malpractice claim against Medical Malpractice Defendants
Mark Gibson, Cheryl McKnight, and Mercy Catholic Medical Center. All other claims against
these Medical Malpractice Defendants have been dismissed.

no need for the alleged Doe Defendants to participate in the City's defense of the *Monell* allegations. Both the City and Attorney Axe were terminated from the case on May 2, 2022.

On August 3, 2022, the Court held a pretrial conference at which Plaintiff's attorney and the Medical Malpractice Defendants' attorney were in attendance. *See* ECF Nos. 40 (minute entry), 84 (transcript). At the conference, the Doe Defendants still had not been named and were not represented, so the Court instructed Plaintiff's counsel to determine those names. The resultant scheduling order issued on August 9, 2022 (ECF No. 42) provided instructions on how to determine the names of the Doe Defendants, but did not order any entity to produce information. The Court had never been petitioned, or in any way requested, to aid in the discovery of the names of the Doe Defendants. It was only after this August 3, 2022 pretrial conference that Plaintiff's counsel affirmatively pursued discovering the names of the Doe Defendants by serving the Custodian of Records for the City of Philadelphia Police Department.

## II.   FACTUAL ALLEGATIONS

On September 17, 2022, Plaintiff filed a Second Amended Complaint in which he named, for the first time, Defendants Police Officers Lauren Bielski, Timothy Gibson, and Steven Farley.[2] ECF No. 44, 45.[3] Plaintiff asserts the following claims against the named police officers: (1) violation of 42 U.S.C. § 1983 against Defendant Police Officer Bielski (Count One); (2) violation of Plaintiff's constitutional, civil rights, and other rights to prompt and adequate medical treatment against Defendants Police Officers Gibson and Farley (Count Four); and (3)

---

[2] The briefings in this action inconsistently refer to an Officer Steven *Farley* and an Officer Steven *Farkey.*

[3] The Second Amended Complaint was filed twice, at ECF Nos. 44 and 45, but this memorandum will refer to ECF No. 44 only. Plaintiff mistitled this document as "First Amended Civil Action Complaint."

demand for judgment, damages, and punitive damages. ECF No. 44.[4] The factual foundation of all these claims as alleged is that Defendant Bielski assaulted Plaintiff, and that all Moving Defendants then failed to assist Plaintiff. *Id.* Moving Defendants filed the instant Motion to Dismiss for Failure to State a Claim on November 14, 2022. ECF No. 59.

Relevant to the claims in this Motion to Dismiss, Plaintiff pleads the following factual allegations. Plaintiff alleges that on December 2, 2019, he was arrested by Moving Defendants after a relative of his called the police, falsely complaining that he was engaging in criminal behavior. ECF No. 44 ¶ 14. Plaintiff further alleges that Defendant Bielski "sucker punched" Plaintiff in the left ear with a blunt object and with a great amount of force, thereby rupturing Plaintiff's left ear drum and causing Plaintiff to "black out." *Id.* ¶¶ 15-16. Plaintiff alleges that Defendants Gibson and Farley observed this and "simply laughed," and that no other supervisory police officer who observed the attack came to Plaintiff's assistance or intervened. *Id.* ¶¶ 19-21. Plaintiff alleges that while he was being examined in the emergency room, Defendants Gibson and Farley told the nurses that there was nothing wrong with Plaintiff and that Plaintiff was faking an injury, after which the nurses ended their medical examination of Plaintiff. *Id.* ¶¶ 26, 29. Plaintiff claims that a few days later he received a medical examination at the Philadelphia Prison System and was diagnosed by medical staff with a ruptured left ear drum and hearing loss. *Id.* ¶ 30.

---

[4] Plaintiff's Second Amended Complaint also pleaded the following causes of action against the Moving Defendants that had already been dismissed with prejudice (*see* ECF No. 32) by this Court: (1) conspiracy under the color of state law to violate Plaintiff's constitutional, civil rights, and other rights against all defendants (Count Five); and (2) intentional infliction of emotional distress against all defendants (Count Six). Plaintiff's Second Amended Complaint further pleaded a violation of 42 U.S.C. § 1983 against Defendant Philadelphia (Count Two) which had also already been dismissed with prejudice by the Court.

### III.   STANDARD OF REVIEW

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

### IV.   DISCUSSION

Having accepted all factual allegations made by Plaintiff in the Second Amended Complaint as true, and construing such allegations in the light most favorable to Plaintiff to determine if Plaintiff may be entitled to relief, the Court finds that Plaintiff has not shown a plausible claim for relief for the remaining claims against the Moving Defendants, *see Phillips*, 515 F.3d at 233-35, because Plaintiff added the Moving Defendants after the applicable statute of limitations had run.

#### A.   Applicable Statute of Limitations

Federal civil rights claims against police officers brought under 42 U.S.C. § 1983 are subject to state statutes of limitations governing personal injury actions. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). The Pennsylvania statute of limitations for personal injury actions is two years. *Id.* (citing 42 Pa. Cons. Stat. Ann. § 5524(7) ("The

following actions and proceedings must be commenced within two years: . . . Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct.")). Further, the Third Circuit in *Garvin* makes clear that "[t]he naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." *Id.* As such, the applicable statute of limitations in this case is two years, beginning from the date of the alleged incident, December 2, 2019, and ending on December 2, 2021. Plaintiff named the Moving Defendants on September 17, 2022, nine months after the statute of limitations had passed.

      B.  <u>Relation Back of Amendments</u>

An amended pleading changing the naming of a party against whom a claim is asserted may still survive after the statute of limitations has passed if the amendment "relates back" to the date of the original pleading. Fed. R. Civ. P. 15(c). Federal Rule of Civil Procedure 15(c) requires that the following three conditions be met for an amended complaint seeking to substitute newly named defendants to relate back to the original complaint for statute of limitations purposes: (1) the claim against the newly named defendants must have arisen out of the same conduct, transaction, or occurrence as in the original pleading; (2) the newly named party must have received notice of the institution of the action within the 90-day period[5] for service of the summons and complaint such that it will not be prejudiced in maintaining a defense on the merits; and (3) the newly named party must have known, or should have known, within the same time period that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the

---

[5] In 2016, Federal Rule of Civil Procedure 4(m) was amended to reduce the number of days to serve a defendant after a complaint is filed from 120 to 90 days.

first place. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (quotation marks and citations omitted).

Here, the first element is met because there is no question that the amended pleading concerns the same 2019 incident as originally alleged. The Court must next turn to the second element—whether the newly named parties received notice of the institution of the action within the 90-day period for service of the summons and complaint such that they will not be prejudiced in maintaining a defense on the merits. The Court is put in the position of conducting this analysis because Plaintiff's counsel took no affirmative steps whatsoever to identify and give notice to the Doe Defendants until the subpoena of August 12, 2022. Therefore, the question for this Court becomes one of whether notice can be imputed to the Moving Defendants because they received actual or constructive notice of the institution of this action before March 2, 2022—90 days after Plaintiff filed his Second Amended Complaint on December 2, 2021.

C. Notice

Plaintiff bears the burden of establishing that notice was imputed. *Garvin*, 354 F.3d at 222. There are two possible methods of imputing notice under Rule 15(c)(3)—the "shared attorney" method and the "identity of interest" method. *Id.* at 223. Plaintiff fails to satisfy his burden under either method.

The Third Circuit's decision in *Garvin* is instructive. There, Appellant Garvin commenced a Section 1983 action on April 18, 2002—six days prior to the running of the relevant two-year statute of limitations—against the City of Philadelphia and an unnamed Police Officer John Doe stemming from an incident that had occurred on April 24, 2000. *Id.* at 217. On October 29, 2002, Garvin moved to amend her complaint to substitute the names of four police officers for the original John Doe defendant. *Id.* at 218. The Third Circuit upheld the district

court's finding that Garvin failed to satisfy Rule 15(c) because the newly named defendant had not received actual or constructive notice of the action within the applicable time period.[6] *Id.* at 222.

        1.  <u>"Shared attorney" method of imputing notice</u>

Under the "shared attorney" method of imputing notice, the relevant inquiry is whether notice of the institution of the action can be imputed to the defendant sought to be named within the relevant time period (here, 90 days) "by virtue of representation . . . shared with a defendant originally named in the lawsuit." *Id.* at 223 (quoting *Singletary*, 266 F.3d at 196 (internal quotation marks omitted)). A plaintiff bears the burden of showing some communication between the shared attorney and the unnamed defendant prior to the expiration of the 90 days provided for by Rule 4(m). *See id.* at 225.

In *Garvin,* an attorney entered an appearance solely on behalf of Defendant City of Philadelphia, not the defendant officers. *Id.* at 223-24. Appellant failed to come forth with any evidence of shared representation or communication between the City's attorney and the defendant officers. Therefore, the Third Circuit held that the district court was correct when it declined to impute notice to the unnamed officers under the "shared attorney" method. *Id.* at 225-27; *see also Milburn v. City of York*, 612 F. App'x 119, 122 (3d Cir. 2015) (finding no notice when Plaintiff presented no evidence suggesting that the attorneys of named defendants had any communication or relationship with unnamed defendant during the relevant time period). Further, under the "shared attorney" method of imputing notice, "the applicable test 'is not whether new defendants *will* be represented by the same attorney, but rather whether the new

---

[6] Since this *Garvin* decision, the amount of time under Rule 4(m) to serve a defendant after a complaint is filed has been reduced from 120 to 90 days.

defendants *are* being represented by the same attorney.'" *Garvin*, 354 F.3d at 223 (quoting

*Garvin v. City of Philadelphia*, No. 02-2214, 2002 WL 31739948, at *4 (E.D. Pa. Dec. 6, 2002)).

Here, Plaintiff's Response Brief cites to *Garvin* in arguing that amended complaints that

relate back to the dates of original complaints are treated as if they had been filed at that time.

ECF No. 63 at 12.[7] But Plaintiff fails to appreciate that *Garvin* requires Plaintiff to put forth

evidence of notice during the 90-day period after the statute of limitations' run date. After

copying a litany of block quotes from his original Complaint into his Response Brief, Plaintiff

then makes his only attempt at coming forth with "evidence" of timely notice by way of the

following argument:

> It is undisputed that on September 6, 2022, pursuant to a court order,
> a City of Philadelphia attorney provided the identities of the "Jane
> Doe" and "John Does". Further, on September 17, 2022, Plaintiff
> timely filed his Second Amended Complaint. Plaintiff's Second
> Amended Complaint (E.D.Pa., Sept. 17, 2022); Dist. Ct. doc nos. 44
> and 45; see also Rule 2005 (mandating that an amended complaint
> must be filed within 20 days of attaining the identities of "Jane Doe"
> and "John Does").

Plaintiff's counsel misses the issue as to the evidence to be produced. The issue is not

timely filing of the Second Amended Complaint. Nor is it the adding of the names of the Doe

Defendants within 20 days of learning their identity. Indeed, these are undisputed. The evidence

required is evidence that the Doe Defendants were on notice of the action within 90 days of

filing the Second Amended Complaint. There is no such evidence on this record. The attaining of

names by way of subpoena, and then substituting them for the Doe Defendants on September 17,

2022 by way of an amended complaint, does not provide evidence of communication, and

therefore notice, between counsel for the City of Philadelphia, and Officers Bielski, Gibson, and

---

[7] The pages of Plaintiff's Opposition brief are not numbered, and so the Court refers to the PDF
page numbers of ECF No. 63.

Farley prior to March 2, 2022. It establishes that by court-prompting Plaintiff's counsel first took affirmative steps to discover and give notice to Defendant Does. In fact, the City of Philadelphia had already been terminated as a party to this case when on August 12, 2022—eight and one-half months after the statutory period had passed—Plaintiff for the first time took affirmative steps to identify Doe Defendants by serving the Custodian of Records for the City with a subpoena to obtain records related to the underlying incident. It should be noted that when the City of Philadelphia was terminated from this case in May 2022, it was already five months after the statute of limitations had passed in December 2021, and during this time period Plaintiff's counsel was actively defending motions. *See* ECF Nos. 20, 22, 24, 25. Plaintiff seems to argue that this Court's August 9, 2023 Order in some way then tolled the statute of limitations by giving the Plaintiff a date by which to identify the Doe Defendants. That is not the law. That deadline to substitute did not and could not take away the Doe Defendant's right to raise the statute of limitations defense once they were put on legal notice of the action.

The sworn declaration of Attorney Axe (ECF No. 66-1) further supports dismissal of this case. *See Est. of Kamal by & through Kamal v. Twp. of Irvington*, 790 F. App'x 395, 397–98 (3d Cir. 2019) (affirming district court's finding of no evidence to support "shared attorney" method in part because the attorney submitted a sworn certification stating that he did not communicate with the officers); *see also Garvin*, 354 F.3d at 225 (affirming district court's finding of no evidence to support "shared attorney" method in part because the attorney filed a brief stating that she did not inform the proposed defendants of the lawsuit, that the proposed defendants had not been advised that they might be named as defendants, and that the attorney was unaware of any other manner through which the proposed defendant would learn of the lawsuit). Here, Attorney Axe declared that she "did not discuss this case at any time with any individual police

10

officers who did or are alleged to have interacted with the Plaintiff prior to the filing of the

Second Amended Complaint (Doc. 44) on September 17, 2022, including Police Officer Lauren

Bielski, Officer Timothy Gibson, and Officer Steven Farley" and that she has "no reason to

believe that Police Officer Lauren Bielski, Officer Timothy Gibson, or Officer Steven Farley had

knowledge of this lawsuit at any point." ECF No. 66-1 ¶¶ 12-13. Attorney Axe's representation

of the City of Philadelphia in this case ended on May 2, 2022 when this Court dismissed with

prejudice all claims against the City of Philadelphia only. ECF No. 32. She did not represent the

police officers. Moreover, the City Law Department does not represent every police officer in

every lawsuit, *Garvin*, 2002 WL 31739948 at *4, and so the fact that Attorney Axe represented

the City of Philadelphia does not mean that Attorney Axe represented the Moving Defendants.

The rest of Plaintiff's Opposition consists largely of block quotes from his Second

Amended Complaint (*see* ECF No. 63 at 5-7, 9-11), and conclusory arguments, including that

because Moving Defendants do not dispute the sufficiency or accuracy of the pleadings, the

known identities of the officers relate back to the original complaint. *Id.* at 12. Plaintiff also

argues that "the Moving Defendants did not contend that the [sic] did not have notice of

Plaintiff's lawsuit prior to being actually named," and that such an argument would be futile as

Plaintiff sent a demand to the City of Philadelphia to preserve all documentary, photographic,

and video evidence. *Id.* However, it is Plaintiff's burden to show that there was notice.

### 2. "Identity of interest" method of imputing service

Notice here similarly cannot be imputed under the "identity of interest" method. Under

this method, notice is imputed if "parties are so closely related in their business operations or

other activities that filing suit against one serves to provide notice to the other of the pending

litigation." *Garvin*, 354 F.3d at 227. In *Garvin*, the Third Circuit upheld a finding of no notice

under this method because "[t]he individual police officers sought to be added to [the] action certainly qualify as non-managerial employees [i]nasmuch as they do not share a sufficient nexus of interests with their employer, the City." *Id.* The same reasoning applies here, and, therefore, no notice was imputed to the Moving Defendants under the "identity of interest" method.

Because no notice was imputed under either the "shared attorney" or "identity of interest" methods, the Court, under Third Circuit authority, need not reach the question of whether the Moving Defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." [8] *See id* at 228.

## V.   CONCLUSION

Therefore, the Motion to Dismiss (ECF No. 59) is granted and all claims against Defendant Lauren Bielski, Defendant Timothy Gibson, and Defendant Steven Farley are dismissed with prejudice.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

[8] Here, there was not a mistake as to the identity of the proper parties, but inaction in the first instance by Plaintiff's counsel to identify responsible parties so as to then serve them and give them notice within the statutory period. The Doe Defendants were not named until well after the statute of limitations had passed, and no attempts were made to identify the names of the Doe Defendants during the statute of limitations period.