**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IRA MOORE, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | NO. 21-05302 |
| | : | |
| JANE DOE, et al., | : | |
| *Defendants.* | : | |

## MEMORANDUM

Kenney, J.                                                                                    **April 18, 2023**

Defendants Cheryl McKnight, Mark Gibson, and Mercy Catholic Medical Center ("Moving Defendants") move for summary judgment because Plaintiff has failed to produce expert testimony to support a claim of medical malpractice. ECF No. 94. Before this Court is Moving Defendants' Motion for Summary Judgment, filed on February 9, 2023. *Id.* Plaintiff has failed to file a response. For the reasons set forth below, Moving Defendants' Motion for Summary Judgment is granted because Plaintiff has failed to produce necessary evidence to support a *prima facie* case of medical malpractice. An appropriate Order will follow.

### I.    PROCEDURAL BACKGROUND

On December 2, 2021, Plaintiff Ira Moore filed a medical malpractice claim against Moving Defendants for failure to properly treat a ruptured eardrum. ECF No. 1. Plaintiff also filed claims against unnamed police officers and the City of Philadelphia, in addition to claims against all defendants of conspiracy under the color of state law to violate Plaintiff's constitutional, civil rights, and other rights; and intentional infliction of emotional distress. On March 23, 2022, this Court dismissed with prejudice the claims for punitive damages, conspiracy, and intentional infliction of emotional distress against Moving Defendants. ECF No. 27. On September 17, 2022,

Plaintiff filed a Second Amended Complaint, which included the conspiracy and intentional infliction of emotional distress claims this Court had already dismissed. ECF No. 44.[1]  On May 2, 2022, this Court dismissed all claims against Defendant City of Philadelphia, in addition to the remaining claims of conspiracy and intentional infliction of emotional distress against all defendants. ECF No. 32. On February 3, 2023, this Court dismissed all remaining claims against Defendant police officers. ECF No. 87. Per this Court's November 21, 2022 Scheduling Order, Plaintiff was required to produce an expert report by February 1, 2023. ECF No. 61. On February 9, 2023, Moving Defendants filed this Motion for Summary Judgment. ECF No. 94.

## II.  FACTUAL ALLEGATIONS

Relevant to the claims in this Motion for Summary Judgment, Plaintiff pleads the following factual allegations. Plaintiff alleges that on December 2, 2019, he was arrested after a relative of his called the police, falsely complaining that he was engaging in criminal behavior. ECF No. 44 ¶ 14. Plaintiff further alleges that a police officer "sucker punched" Plaintiff in the left ear with a blunt object and with a great amount of force, thereby rupturing Plaintiff's left eardrum and causing Plaintiff to "black out." *Id.* ¶¶ 15-16. Plaintiff alleges that after he was struck, he "complained of a great amount of pain and suffering" and was examined by Defendant nurses McKnight and Gibson in Defendant Mercy Catholic Medical Center's Emergency Room. *Id.* ¶ 25. Plaintiff alleges that during this examination, "he complained of a loss of hearing, a great amount of pain and suffering and attempted to explain how he was injured," but that Defendant police officers told Defendants McKnight and Gibson that "there was nothing wrong with [Plaintiff] and that [Plaintiff] was faking an injury." *Id.* ¶26. Plaintiff alleges that Defendants McKnight and Gibson

---

[1] The Second Amended Complaint was filed twice, at ECF Nos. 44 and 45, but this memorandum will refer to ECF No. 44 only. Plaintiff mistitled this document as "First Amended Civil Action Complaint."

then ended their medical examination upon hearing from Defendant police officers "that there was nothing wrong with [Plaintiff]." *Id.* ¶ 29. Plaintiff claims that a few days later, he "underwent a thorough medical examination" at the Philadelphia Prison System and was diagnosed by medical staff with a ruptured left eardrum and hearing loss. *Id.* ¶ 30.

Plaintiff claims that Moving Defendants failed to comply with accepted standards of care in their medical evaluations and treatment of Plaintiff, and that as a direct and proximate cause of Moving Defendants' conduct, Plaintiff "has been forced to suffer the effects including, but not limited to pain, suffering, additional medical treatment, dysfunction, limitations and other medical problems and conditions, and will continue to suffer permanently into the future to his great detriment and loss." *Id.* ¶¶ 45-47.[2]

---

[2] Plaintiff alleges that the "intentional, malicious, reckless and callously indifferent conduct" by Defendants McKnight and Gibson consisted of the following:

(a) failure to provide reasonable and correct medical care under the circumstances;

(b) failure to listen to and act on Plaintiff's complaints rather than listen to the police officers who claimed that Plaintiff was faking his injuries;

(c) failure to possess and exercise that degree of skill and care required by a physician, nurse or nurse practitioner and/or medical institution under the circumstances;

(d) failure to properly supervise and control the agents, servants and employees of Defendant in providing for proper follow-up medical treatment to Plaintiff;

(e) failure to have in place a proper follow-up system for the care and treatment of Plaintiff;

(f) failure to properly sanction and/or discipline employees, agents, servants and contractors who were the subject of the complaints of incarcerated persons, thereby causing, tolerating, ratifying and encouraging employees, agents, servants and contractors to provide prompt and adequate medical care to incarcerated persons such as Plaintiff with serious medical conditions;

(g) negligence per se and as a matter of law; and

(h) such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

### III.    STANDARD OF REVIEW

A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Indeed, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). There is a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  Once the moving party has met this burden, the non-moving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *see also* Fed. R. Civ. P. 56(c).

The non-movant must show more than the "mere existence of a scintilla of evidence" for elements on which the non-movant bears the burden of production. *Anderson*, 477 U.S. at 252 (1986).  The non-movant opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions." *See Fireman's Ins. Co. v. DuFresne*, 676

F.2d 965, 969 (3d Cir. 1982). Additionally, the non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Moreover, arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985).

When determining the existence of a genuine issues of material fact, the court must "examine the evidence of record in the light most favorable to the party opposing summary judgment and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  The court need only decide whether "a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and the court should grant summary judgment in favor of the moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

## IV.   DISCUSSION

To establish a *prima facie* case of medical malpractice, Plaintiff must establish the following: (1) a duty owed by the physician to the patient; (2) a breach of duty from the physician to the patient; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of that harm. *Mitzelfelt v. Kamrin*, 584 A.2d 888, 891 (1990). As part of a plaintiff's burden in establishing medical malpractice under Pennsylvania law, "a plaintiff must present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from accepted medical standards, and that such deviation was the proximate

cause of the harm suffered." *Hakeem v. Salaam*, 260 F. App'x 432, 434 (3d Cir. 2008) (citing *Mitzelfelt*, 584 A.2d at 891). "The only instance in which expert testimony is not required is when the matter is so simple or the lack of care so obvious as to be within the range of experience and comprehension of non-professional persons." *Hakeem*, 260 F. App'x at 434.

This Court finds that the diagnosis and treatment of a ruptured eardrum, as well as whether the alleged injury was in fact causally related to the alleged punch, are not a matter of common knowledge, and therefore expert testimony is required to establish a genuine triable issue. *See Dusenbery v. United States*, 208 F. App'x 180, 183 (3d Cir. 2006) (finding that diagnosis and treatment of a contagious skin disease is not a matter of common knowledge); *Miville v. Abington Mem'l Hosp.*, 377 F. Supp. 2d 488, 491 n.2 (E.D. Pa. 2005) (finding that intubation of a patient prior to administering spinal anesthesia was not a matter of common knowledge). Here, Plaintiff has not filed an expert report to support his medical malpractice claim against Moving Defendants. ECF No. 61. Moreover, Plaintiff has not filed a response to the instant Motion for Summary Judgment, or given any other update as to any developments regarding Plaintiff's prosecution of the medical malpractice claim.

Therefore, this Court finds that Plaintiff has not shown a plausible claim for relief for the remaining claims against Moving Defendants, *see Phillips*, 515 F.3d at 233-35, because Plaintiff has failed to produce any expert testimony supporting Plaintiff's allegation that Moving Defendants breached a duty, and that this breach caused the damages at issue.

## V.    CONCLUSION

For the reasons stated above, Moving Defendants' Motion for Summary Judgment (ECF No. 94) is granted.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**